UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

BASHIR AZIZI )
*Plaintiff,* )
)
-vs.- )
)
Ms. Pamela J. Bondi )
Attorney General of the United States )
U.S. Dept. of Justice )
950 Pennsylvania Ave., NW )
Washington, D.C. 20530-0001 )
) Case No.
Mr. Marco Rubio )
US Secretary of State )
2201 C St NW, )
Washington, DC 20520 )
)
Ms. Natalie A. Baker )
US Ambassador to Pakistan )
Diplomatic Enclave, Ramna 5 )
U.S. Embassy Islamabad )
Pakistan )
)
Director, National Visa Center )
32 Rochester Ave., )
Portsmouth, NH 03801-2909 )
*Defendants.* )
_____)

## COMPLAINT FOR MANDAMUS

Plaintiff, Bashir Azizi, by counsel, Mumtaz A. Wani of Wani & Associates, P.C., hereby alleges, upon information and belief as follows:

### INTRODUCTION

This is a civil action brought by the Plaintiff to compel the Defendants and those acting under the Defendants to make a final decision on the approved Immigrant Visa Petitions: ISL2022659009 & ISL2022659013 currently pending at the US. Consulate in Islamabad, Pakistan.

1

## JURISDICTION & VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in conjunction with 28 U.S.C. § 1361, the Administrative Procedures Act (APA) (5 U.S.C. § 555(b), and the Immigration & Nationality Act (INA) and regulations implementing it.

2. Under 28 U.S.C. § 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. § 1331 because this action arises under 28 U.S.C. § 1361, the APA and the INA.

3. Under 28 U.S.C. § 1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

4. The APA requires Defendants to carry out their duties within a reasonable time. The provision of the APA that provides this is 5 U.S.C. § 555(b), which states that "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." Defendants are subject to 5 U.S.C. § 555(b). Mr. Azizi contends that the delay of the Consulate to make a final decision regarding his approved I-130 Petitions is unreasonable and unjustified.

5. Both the regulations and the INA provide numerous examples of duties owed by Defendants in the adjustment of status process. 8 U.S.C. § 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added). The Code of Federal Regulations further provides that "(e)ach applicant for adjustment of status under this part *shall* be interviewed by an immigration officer," 8 C.F.R. § 245.6 (emphasis

2

added); and, most importantly, that "the applicant *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for denial, " 8 C.F.R. § 245.2, (emphasis added). The language of the statute and these regulations is mandatory, not discretionary, and requires the Defendants to adjudicate the adjustment of status applications.

6. Venue is proper under 28 U.S.C. § 1391(e)(3). Plaintiff's application is being adjudicated in this district.

## PARTIES

7. The Plaintiff resides at 42286 Arpeggio Terrace, Brambleton, VA 20148.

8. Defendants are: 1) the U.S. Attorney General, Ms. Pamela J. Bondi, 2) the U.S. Secretary of State, Mr. Marco Rubio, 3) US Ambassador to Pakistan, Ms. Natalie A. Baker and 4) Director of National Visa Center. They are responsible for the grant and denial of Petitions for Immigrant visas under the Immigration and the Nationality Act of 1952 as amended (INA).

## FACTS

9. Mr. Azizi is a naturalized citizen of the United Sates.

10. On or about October 7, 2019, Mr. Azizi filed Immigrant Visa Petitions for his biological parents, Mohammad Aziz Nashit (ISL2022659009) and Zarghona Nashit (ISL2022659013).

11. On or about January 22, 2021, US Citizenship and Immigration Services (USCIS approved the petitions and transferred their cases to National Visa Center (NVC) for processing. NVC completed the process and transferred these petitions to the U.S. Consulate at Kabul, Afghanistan for interview and issuance of immigrant visa.

12. In August of 2021, the U.S. Embassy in Kabul, Afghanistan was closed. These matters were transferred to the U.S. Embassy in Islamabad, Pakistan where it currently remains pending.

13. On June 27, 2023, Mr. Azizi's parents appeared for their immigrant visa interview at the U.S. Embassy in Pakistan.

14. To date, no final decision has been made in these matters.

15. Both cases are documentarily qualified, and visas are readily available to them.

16. It has been almost six years since the filing of the Plaintiff's petitions. It has taken over four years for the consulate to process these cases. These visas matters concern immediate relatives (parents) of a US Citizen. Plaintiff, through counsel, has made numerous inquiries as to the status of her petitions and has received no updates.

17. The Defendants have failed to provide reasonable notice to the Petitioner about their visa processes or the determinations made therein.

18. The Defendants have caused an unreasonable delay by effectively holding the visas in abeyance while failing to make a timely final determination and/or provide Petitioner with pertinent information.

## REQUEST FOR RELIEF
### (Unreasonable Delay)

19. The allegations contained in paragraphs 1 through 18 above are repeated and realleged as though fully set forth herein.

20. Plaintiff has complied with all of the requirements for his Immigrant visas.

21. Defendants have willfully and unreasonably delayed and refused to adjudicate the visa petitions.

22. The delay in processing the immigrant visas is not attributable to the petitioner or the beneficiaries.

23. Defendants owe to petitioner a duty to process her parent's immigrant visa in a timely fashion and have unreasonably failed to perform that duty. This duty is owed under the INA, and regulations, as well as by the fact that by charging a filing fee, Defendants created for themselves an obligation to process and adjudicate the applications.

24. The delay is unreasonable per se.

25. The delay is unreasonable in light of the fact that Defendants have been unable to adequately respond to any of Petitioner's inquiries.

26. By making numerous inquiries on the status of the application, Plaintiff has exhausted any and all administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to process the immigrant visa petition.

WHEREFORE, and in light of the foregoing, the Plaintiff, Bashir Azizi, prays that the Court:

A. Assume jurisdiction herein;

B. Compel the Defendants and those acting under them to perform their duty or duties to process the immigrant visas of his biological parents, Mohammad Aziz Nashit (ISL2022659009) and Zarghona Nashit (ISL2022659013);

C. Compel the Defendants to issue the immigrant visa to the Plaintiff's biological parents.

D. If the immigrant visas were to be denied, compel the Defendants to provide a written explanation detailing their decision and finding of any ineligibilities.

E. If the Applicants are eligible to provide evidence which may overcome the finding of ineligibility, compel the Defendants to provide detail on what kind of evidence should be submitted.

F. Grant attorneys' fees and costs of court as provided in the Equal Access to Justice Act; and

G. Grant such further relief, as the Court deems appropriate and just.

Respectfully submitted,

**BASHIR AZIZI**
By Counsel

Dated this 24TH day of July, 2025.

_____
**MUMTAZ A. WANI, ESQ.**
**WANI & ASSOCIATES, P.C.**
8229 Boone Blvd, Suite 320
Vienna, VA 22182
Phone: (703)556-6626
Fax: (703)556-6628
wani@wanilaw.com
Bar No. 16975

E. If the Applicants are eligible to provide evidence which may overcome the finding of ineligibility, compel the Defendants to provide detail on what kind of evidence should be submitted.

F. Grant attorneys' fees and costs of court as provided in the Equal Access to Justice Act; and

G. Grant such further relief, as the Court deems appropriate and just.

Respectfully submitted,

**BASHIR AZIZI**
By Counsel

Dated this 24TH day of July, 2025.

_____
**MUMTAZ A. WANI, ESQ.**
**WANI & ASSOCIATES, P.C.**
8229 Boone Blvd, Suite 320
Vienna, VA 22182
Phone: (703)556-6626
Fax: (703)556-6628
wani@wanilaw.com
Bar No. 16975

6